UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PIERO A. BUGONI,

    Plaintiff,

v.   Case No. 8:14-cv-1037-T-33AEP

WALTER HEINRICH, ET AL.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court *sua sponte*. On April 30, 2014, Plaintiff filed an Emergency Complaint alleging constitutional violations. (Doc. # 1). Upon review of the Emergency Complaint, the Court determines that it lacks subject matter jurisdiction over this matter, and thus dismisses the Emergency Complaint.

**Discussion**

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985); Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale, 922 F.2d 756, 759 (11th Cir. 1991) (stating "every federal court operates under an independent

obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based").

Moreover, federal courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Federal question jurisdiction requires that a party assert a substantial federal claim. Hagans v. Lavine, 415 U.S. 528, 536 (1976); see also Baker v. Carr, 369 U.S. 186, 199 (1962) (holding that if jurisdiction is based on a federal question, the plaintiff must show that he has alleged a claim under federal law that is not frivolous).

The Emergency Complaint contains a disorderly mass of information, making it difficult for this Court to decipher the claims Plaintiff is asserting against Defendants. However, a careful review of the Emergency Complaint demonstrates that the relief sought stems from Plaintiff's

2

disagreement with charges filed against him and restrictions imposed upon him in "Preliminary Proceedings" in state court.

As stated in Bugoni v. Dominguez, et al.,

> Pursuant to the Anti-Injunction Act, 28 U.S.C. § 2283, the Court lacks subject-matter jurisdiction to enjoin state court criminal proceedings. Because the "essential character and purpose" of Counts I and II is to enjoin the state court criminal prosecution, they must be dismissed for lack of subject-matter jurisdiction. H.J. Heinz Co. v. Owens, 189 F.2d 505, 508 (9th Cir. 1951). Even if subject-matter jurisdiction exists, abstention would be appropriate under Younger v. Harris, 401 U.S. 37 (1971). See Hughes v. Atty. Gen. of Fla., 377 F.3d 1258, 1262 (11th Cir. 2004) ("In Younger . . ., the Supreme Court established that absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions.").

(Case No. 8:13-cv-2733-T-27EAJ, Doc. # 3). Therefore, to the extent Plaintiff requests this Court enjoin state court criminal proceedings, this Court finds that it lacks subject matter jurisdiction to do so. Furthermore, Plaintiff has failed to establish – through sufficient factual allegations - how this Court can exercise subject matter jurisdiction to provide any other "Emergency Relief" requested.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) This case is dismissed for lack of subject matter jurisdiction.

(2) The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th day of April, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All parties of record