UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PIERO A. BUGONI,

    Plaintiff,

v.                           Case No. 8:14-cv-1037-T-33AEP

WALTER HEINRICH, ET AL.,

    Defendants.

_____/

**ORDER**

This cause comes before the Court in consideration of *pro se* Plaintiff Piero A. Bugoni's Motion for Reconsideration (Doc. # 4), filed on May 7, 2014. For the reasons stated below, the Court denies the Motion.

**Discussion**

It is within the Court's discretion to grant a motion for reconsideration. Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990). Arguments in favor of granting reconsideration must be balanced against the desire to achieve finality in litigation. Id. As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "[a] motion for reconsideration must demonstrate why the

court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence, and (3) the need to correct clear error or manifest injustice." Fla. College of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308. In deciding a motion for reconsideration, "[t]his Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." Ludwig v. Liberty Mut. Fire Ins. Co., No. 8:03-cv-2378-T-17MAP, 2005 U.S. Dist. LEXIS 37718, at *8 (M.D. Fla. Mar. 30, 2005). In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at *11 (internal citation and quotation omitted).

In the present Motion, Plaintiff requests that this Court reconsider its Order dismissing the case for lack of subject matter jurisdiction. (See Doc. # 3). Plaintiff contends that "The Court has erred grossly in its decision to dismiss for absence of subject matter jurisdiction because all the alleged facts support claims of Rights being violated [that] are Federally Protected and as such the subject matter are Federal Questions." (Doc. # 4 at 1). Specifically, Plaintiff submits that Defendant Judge Walter Heinrich's state court order is unconstitutional as it violates Plaintiff's right to travel and is a prior restraint on Plaintiff's first amendment right to freedom of association and freedom of speech. (Id. at 2-3).

In the case of the present Motion, the Court finds that Plaintiff has failed to meet his burden of demonstrating the grounds necessary to allow this Court to reconsider its Order dismissing this case for lack of subject matter jurisdiction. Plaintiff does not assert that there has been an intervening change in the law and presents no new evidence. In addition, Plaintiff fails to demonstrate that reconsideration is necessary to prevent manifest injustice or clear error. Instead, Plaintiff uses this Motion as a vehicle to express his grievance over Judge Heinrich's state court order.

The Court stands behind its April 30, 2014, Order (Doc. # 3), which dismissed this case for lack of subject matter jurisdiction. This Court gave careful consideration to the allegations set forth in Plaintiff's Emergency Complaint and ultimately determined that it lacked subject matter jurisdiction. The Court held, as it does today, that to the extent Plaintiff requests this Court enjoin state court criminal proceedings, this Court finds that it lacks subject matter jurisdiction to do so. Furthermore, Plaintiff has failed to establish – through sufficient factual allegations – how this Court can exercise subject matter jurisdiction to provide any other "Emergency Relief" requested.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Piero A. Bugoni's Motion for Reconsideration (Doc. # 4) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>13th</u> day of May, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record

4